# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID TATE, | ) | 1:10cv01854 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff David Tate ("Plaintiff"), a former state prisoner proceeding pro se and informa pauperis, filed this civil rights action on October 7, 2010. He names the California Department of Corrections and Rehabilitation ("CDCR") and Dr. Gaab as Defendants.

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
2  cured by amendment.
3       In reviewing a complaint under this standard, the Court must accept as true the allegations
4  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
6  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
8  B.    Plaintiff's Allegations
9       Plaintiff contends that while incarcerated he was diagnosed as paranoid schizophrenic and
10 prescribed medication that helped him with the voices he hears.  Plaintiff alleges that Dr. Gaab, a
11 CDCR employee at the Fresno Region 1 Adult Parole Office, prescribed him the wrong
12 medication.  Plaintiff further contends that Dr. Gaab never examined him.  Instead, Dr. Gaab
13 changed Plaintiff's prescription and said he was depressed.
14      Plaintiff seeks $100,000 for negligence, pain and suffering.
15 C.    Analysis
16      Neither negligence nor gross negligence are actionable under § 1983.  See Daniels v.
17 Williams, 474 U.S. 327 (1986); L.W. v. Grubbs, 92 F.3d 894, 899 (9th Cir. 1996).  As Plaintiff's
18 claims amount to no more than mere negligence, they fail to state a cognizable claim under §
19 1983 and must be dismissed.  See, e.g., Saunders v. California Dept. of Corrections, 1997 WL
20 464954, *1 (N.D. Cal. 1997).
21      Furthermore, while prison officials can violate the constitution if they are deliberately
22 indifferent to an inmate's serious medical needs, this standard does not apply to a parolee's claim
23 of inadequate medical care.  See Wakefield v. Thompson, 1996 WL 241783, *4-5 (N.D. Cal.
24 Apr. 30, 1996).  Plaintiff has not alleged that he was suffering some personal restraint of freedom
25 that precluded him from obtaining other medical care or medication while on parole.  Therefore,
26 Plaintiff has failed to state a cognizable claim.
27
28

**CONCLUSION AND RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.  Plaintiff cannot cure the above deficiencies and leave to amend would be futile.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 2, 2011**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE